The Honorable Walter Kunicki Chair Assembly Organization Committee 212 North, State Capitol Madison, Wisconsin 53702
Dear Representative Kunicki:
On behalf of the Assembly Organization Committee, you ask the following three questions concerning withdrawal by a county from a multicounty regional planning commission under section 66.945 (16), Stats.:
 1. May a county withdraw from one [multicounty] regional planning commission under s. 66.945 (16), Stats., and ask for the creation of a new regional planning commission under s. 66.945 (2)(a), Stats., that would consist of the county and an [existing] adjacent [multicounty] regional planning commission?
 2. Could a county, using the procedure described in question 1 attach itself to an adjacent regional planning commission while some or all of the local governmental units within the jurisdiction of the county remain with the first regional planning commission?
 3. If the answer to question 2 is "no," then may a local unit in a county block the county's transfer from one regional planning commission b[y] refusing to withdraw from the first body?
In my opinion, the boundaries of existing multicounty regional planning commissions may only be altered following their dissolution under the procedure set out in section 66.945 (15). Withdrawal under the procedure established in section 66.945 (16) by a local unit of government which is currently included within an existing multicounty regional planning commission, therefore, does not facilitate the transfer of that local unit of government to another existing regional planning commission, unless both *Page 71 
existing regional planning commissions are dissolved at the request of a majority of the local units of government within their respective boundaries under section 66.945 (15) and new regional planning commissions for each area are then established by the Governor pursuant to section 66.945 (2).
Section 66.945 provides in part:
 Creation, organization, powers and duties of regional planning commissions. (1) DEFINITIONS. In this section:
 (a) "Governing body" means the town, village or county board or the legislative body of a city.
 (b) "Local governmental units" or "local units" means cities, villages, towns and counties.
 (c) "Population" means the population of a local unit as shown by the last federal census or by any subsequent population estimate under s. 16.96.
 (2) CREATION OF REGIONAL PLANNING COMMISSIONS. (a) A regional planning commission may be created by the governor, or such state agency or official as the governor designates, upon petition in the form of a resolution by the governing body of a local governmental unit and the holding of a public hearing on such petition. If the petition is joined in by the governing bodies of all the local units in the proposed region, including the county board of any county, part or all of which is in the proposed region, the governor may dispense with the hearing. Notice of any public hearing shall be given by the governor by mail at least 10 days in advance to the clerk of each local unit in the proposed region.
 (b) If the governor finds that there is a need for a regional planning commission, and if the governing bodies of local units within the proposed region which include over 50% of the population and equalized assessed valuation of the region as determined by the last previous equalization of assessments, consent to the formation of such regional *Page 72 
planning commission, the governor may create the regional planning commission by order and designate the area and boundaries of the commission's jurisdiction
taking into account the elements of homogeneity based upon, but not limited to, such considerations as topographic and geographic conformations, extent of urban development, the existence of special or acute agricultural, forestry, conservation or other rural problems, uniformity of social or economic interests and values, park and recreational needs, civil defense, or the existence of physical, social and economic problems of a regional character.
 (c) Territory included within a regional planning commission that consists of one county or less in area also may be included in the creation of a multicounty regional planning commission. Such creation does not require that the existing regional planning commission consisting of one county or less in area be terminated or altered, but upon creation of the multicounty commission, the existing commission shall cease to have authority to make charges upon participating local governmental units pursuant to sub. (14) and shall adopt a name other than "regional planning commission".
. . . .
 (14) BUDGET AND SERVICE CHARGES. (a) For the purpose of providing funds to meet the expenses of a regional planning commission, the commission shall annually on or before October 1 prepare and approve a budget reflecting the cost of its operation and services to the local governmental units within the region. The amount of the budget charged to any local governmental unit shall be in the proportion of the equalized value for tax purposes of the land, buildings and other improvements thereon of such local governmental unit, within the region, to the total such equalized value within the region. The amount charged to a local governmental unit shall not exceed .003 per cent of *Page 73 
such equalized value under its jurisdiction and within the region, unless the governing body of such unit expressly approves the amount in excess of such percentage. All tax or other revenues raised for a regional planning commission shall be forwarded by the treasurer of the local unit to the treasurer of the commission on written order of the treasurer of the commission.
 (b) Where one-half or more of the land within a county is within a region, the chairman of the regional planning commission shall certify to the county clerk, prior to August 1 of each year, the proportionate amount of the budget charged to the county for the services of the regional planning commission. Unless the county board finds such charges unreasonable, and institutes the procedures set forth below for such a contingency, it shall take such necessary legislative action as to provide the funds called for in the certified statement.
 (c) Where less than one-half of the land within a county is within a region, the chairman of the regional planning commission shall before August 1 of each year certify to the clerk of the local governmental unit involved a statement of the proportionate charges assessed to that local governmental unit. Such clerk shall extend the amount shown in such statement as a charge on the tax roll under s. 144.07 (2).
. . . .
 (15) DISSOLUTION OF REGIONAL PLANNING COMMISSIONS. Upon receipt of certified copies of resolutions recommending the dissolution of a regional planning commission adopted by the governing bodies of a majority of the local units in the region, including the county board of any county, part or all of which is within the region, and upon a finding that all outstanding indebtedness of the commission has been paid and all unexpended funds returned to the local units which supplied them, or that *Page 74 
adequate provision has been made therefor, the governor shall issue a certificate of dissolution of the commission which shall thereupon cease to exist.
 (16) WITHDRAWAL. Within 90 days of the issuance by the governor of an order creating a regional planning commission, any local unit of government within the boundaries of such region may withdraw from the jurisdiction of such commission by a two-thirds vote of the members-elect of the governing body after a public hearing. Notice thereof shall be given to the commission by registered mail not more than 3 nor less than 2 weeks prior thereto and by publication of a class 2 notice, under ch. 985. A local unit may withdraw from a regional planning commission at the end of any fiscal year by a two-thirds vote of the members-elect of the governing body taken at least 6 months prior to the effective date of such withdrawal. However, such unit shall be responsible for its allocated share of the contractual obligations of the regional planning commission continuing beyond the effective date of its withdrawal.
The boundaries of regional planning commissions are established by the Governor under section 66.945 (2) upon petition by local units of government within each "proposed region." My understanding is that there are currently nine regional planning commissions, that their boundaries are contiguous, that their total area encompasses the entire state and that only one of them consists of one county or less in area. The "consent" of "the governing bodies of local units within the proposed region which include over 50% of the population and equalized assessed valuation of the region" was required in order to form each of these regional planning commissions. Sec. 66.945 (2)(b), Stats. Meaningful consent could not have been given unless the approximate boundaries of a proposed region were known at the time each commission was formed. *Page 75 
Although any local unit of government within the boundaries of a regional planning commission established by the Governor after the necessary consents have been obtained under section 66.945 (2) may subsequently withdraw from that commission under the procedures established in section 66.945 (16), nothing in the latter subsection suggests that withdrawal by a local unit of government from an existing regional planning commission automatically alters the boundaries of that commission or even permits the Governor to do so at his discretion. Even if one or more local units withdraw, a commission still continues to plan for the entire area within the region established by the Governor under section 66.945 (2)(b) pursuant to the authority which it exercises under section 66.945 (8), (9) and (10).
In Tanck v. Dane County Regional Plan. Comm., 81 Wis.2d 76,260 N.W.2d 18 (1977), a majority of the towns and villages within a single county regional planning commission had withdrawn from that commission, but the county itself had not done so. In Tanck,81 Wis.2d at 84, the court rejected the argument that "the withdrawal provisions of subsection 66.945 (16), indicate a legislative intent to enable a participating local government unit to withdraw from the purview of the Commission bothpolitically as well as financially" (emphasis supplied). The court reasoned:
 The withdrawal provision of sec. 66.945(16) provides withdrawal "from the jurisdiction of such commission" if two-thirds of the voters of the local unit so vote within 90 days of the Commission's creation. Thereafter, the statute provides merely withdrawal "from a regional planning commission." Even assuming that the withdrawal of a local unit from the Commission absolves the unit of its obligations to submit proposed facilities as required by sec. 66.945 (11) and direct fiscal support under sec. 66.945 (14), to hold that this withdrawal affects the participation of a county would render ineffective all those provisions permitting its participation in the Commission. *Page 76 
 Here, the county is still participating as a representative of the entire area within its boundaries. Until it too withdraws from the Commission, or until the Commission is dissolved pursuant to sec. 66.945 (15), Stats., it is empowered to seek from the Commission services which will be in its best interests to obtain. In doing so, it acts as the county and for the county. The relationship between the county and the town . . . remains the same regardless of their participating or non-participation with the Commission.
Tanck, 81 Wis.2d at 88 (emphasis supplied).
Under the fact situation you describe, the county did not withdraw from the regional planning commission of which it is currently a member within ninety days of the formation of that commission. Like the court in Tanck, I therefore need not decide whether withdrawal at that time would have altered the jurisdictional boundaries of the existing commission at the time it was formed. But the language the court employed certainly lends support to the premise that the statute should be construed so as to make dissolution under section 66.945 (15) a prerequisite to the alteration of the boundaries of an existing multicounty commission once those boundaries become established.
Although the court did not reach the issue in Tanck, the conclusion that dissolution is necessary is reinforced by the symmetry between subsection (2) and subsection (15) of section 66.945. Subsection (2) permits formation of a regional planning commission only upon either the unanimous consent of all local units of government within a proposed region or upon the consent of those local units within the proposed region which encompass a majority of the population and a majority of the equalized assessed valuation of the region. Subsection (15), in turn, permits dissolution of a regional planning commission only upon the consent of the majority of local units of government within the existing region. To the extent that two statutes deal with the same subject matter, they must not be interpreted in such a manner as to indicate contradictory legislative intent. St. ex rel. *Page 77 Teunas v. Kenosha County, 142 Wis.2d 498, 509,418 N.W.2d 833 (1988). A construction of section 66.945, which would permit a local unit of government to "jump" from one existing regional planning commission to another would entirely ignore the similarity between the majority requirements of subsections (2) and (15) of section 66.945.
I therefore conclude that the boundaries of existing multicounty regional planning commissions may only be altered following their dissolution under the procedure set out in section 66.945 (15).
Sincerely,
 James E. Doyle Attorney General *Page 78